IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MERIDIAN ELECTRIC COMPANY, INC.**

    Plaintiff,

v.

**ENERGIZER HOLDINGS, INC.,**

    Defendant.                             Case No. 11-cv-35-DRH

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court on the United States of America's motion for certification and leave to intervene (Doc. 25) pursuant to 28 U.S.C. § 2403 and Federal Rule of Civil Procedure 5.1. For the reasons that follow, the Court certifies to the Attorney General of the United States that a statute has been questioned and permits the United States to intervene.

Federal Rule of Civil Procedure 5.1 provides as follows:

"(a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
> (A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or
> (B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and
> (2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned–or on the state attorney general if a state statute is questioned–either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
> (b) Certification by the Court. The court must under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.
> (c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.
> (d) No Forfeiture. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted."

FED. R. CIV. PROC. 5.1. Section 2403 provides in relevant part:

> "(a) In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."

28 U.S.C. § 2403. Section 2403 is designed to give the attorney general a fair

opportunity to argue and if necessary present evidence to save a statute. *Dynamics Corp. v. CTS Corp.*, 794 F.2d 250, 259-60 (7th Cir. 1986).

Here, plaintiff filed its complaint as a qui tam action for false patent marking under 35 U.S.C. § 292. On February 22, 2011, defendant filed a motion to dismiss (Doc. 7), contending that 35 U.S.C. § 292, "unconstitutionally delegates authority to control a false marking suit to qui tam plaintiffs without providing the Constitution-mandated Executive Branch control and/or supervision." That same day, in accordance with Federal Rule of Civil Procedure 5.1, defendant filed its notice of constitutional question (Doc. 8), setting forth that the question raised by defendant's "constitutional challenge is whether the qui tam provision of 35 U.S.C. § 292(b) violates the vesting of the '[t]he executive Power' in the President by Article II of the United States Constitution, U.S. Const. art. II, § 1, cl. 1, and the Take Care Clause of Article II of the United States Constitution, U.S. Const. art. II, § 2," and serving a copy of its motion to dismiss on the Attorney General of the United States. On April 22, 2011, the United States of America filed a motion for certification and leave to intervene (Doc. 25).

Pursuant to Federal Rule of Civil Procedure 5.1(b) and § 2403, the Court now certifies to the Attorney General that 35 U.S.C. § 292 has been questioned, and permits the United States to intervene in this case. Accordingly, the motion (Doc. 25) is hereby GRANTED. The United States has up to and including May 25, 2011, to file a brief. Plaintiff and defendant have 30 days from the date the United States files its brief to file a response, if any. The United States will have 14 days from the

date of any response to file a reply, if any.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2011.

David R. Herndon
2011.04.25
20:35:27 -05'00'

**Chief Judge
United States District Court**