**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| MERIDIAN ELECTRIC COMPANY, INC., | Case No. 11-cv-35 |
| Plaintiff, | |
| v. | Judge David R. Herndon |
| | Magistrate Judge Donald G. Wilkerson |
| ENERGIZER HOLDINGS, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**ENERGIZER'S MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT THEREOF**

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26(c)(1), Energizer Holdings, Inc. ("Energizer") hereby moves for a protective order staying discovery until after the Court rules on Energizer's Motion to Dismiss filed on February 22, 2011 (Dkt. No. 7). In the event that the Court denies Energizer's Motion to Dismiss, Energizer moves that it be permitted, at a minimum, no less than 10 days thereafter to substantively respond to any discovery requests.

**II.     FACTUAL BACKGROUND**

Plaintiff Meridian Electric Company, Inc. ("Meridian") has sued Energizer under the false patent marking statute, adding this case to the nearly 1000 actions brought in the last four years under this previously long-dormant statute. The present case, which asserts that Energizer's alleged failure to cease marking and/or remove patent markings immediately after the patents expired is intentionally deceitful, appears to be in this district for one reason only: because it is where Meridian's counsel is located. All of the allegations made in the Complaint (Dkt. No. 2) were originally asserted in *Morris Turek v. Energizer Holdings, Inc.*, (Case No. 3:10-cv-00892, S.D. Ill.), filed in this court on November 8, 2010, and withdrawn on the date the present case was filed. Indeed, the only difference between the *Turek* complaint and the complaint in the present case is that

Meridian's name has been substituted for that of Turek throughout. Meridian is a *qui tam* plaintiff under 35 U.S.C. § 292(b), which does not allege any injury in fact to itself, and which will bear little if any burden during discovery as a result. Given the nature of this case and the status of this plaintiff, the great majority of the burden and expense associated with anticipated discovery in this case will almost certainly be borne by Energizer.

In the present case, Energizer has moved to dismiss Meridian's Complaint on multiple grounds for failure to state a claim upon which relief can be granted. While Energizer's Motion to Dismiss is pending, proceeding with discovery in this matter would not be an effective use of the Court's or the parties' resources. If Energizer's motion is granted, either in whole or in part, the Court's ruling will significantly alter the posture of the case, which in turn, will significantly affect both the nature and scope of discovery conducted in this case. If Energizer's motion is granted in whole, this action will be dismissed. If the motion to dismiss is granted in part, discovery could begin at that time on an appropriately reduced scope (e.g., on fewer than all patents). If the motion is denied, then discovery can begin at that time with little or no prejudice to all those involved.

## III.   ARGUMENT

When faced with discovery, Federal Rule of Civil Procedure 26(c) permits a district court, for good cause, to "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the . . . discovery."  Fed.R.Civ.P. 26(c)(1). Thus, a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987).

A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent unnecessary expenditures of time and effort of all parties concerned, and to make the most efficient use of judicial resources. *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). Courts in the Seventh Circuit, including in this District, have acknowledged on multiple occasions that discovery may be stayed pending

resolution of a motion to dismiss. *See, e.g., United States* ex rel. *Liotone v. CDW-Government, Inc.*, No. 05-33, 2009 U.S. Dist. LEXIS 21555, at *3-4 (S.D. Ill. Mar. 18, 2009) (discovery stayed pending resolution of defendant's motion to dismiss).

Two of the matters addressed in Energizer's Motion to Dismiss are threshold issues that may be outcome-determinative for this case. Energizer will not reiterate its substantive arguments here, but notes the importance of determining these two issues before increasing the burdens and costs to the parties and the Court by opening discovery:

First, Energizer has challenged the constitutionality of the statute under which Meridian has brought its complaint. Energizer's constitutionality challenge under Article II is substantively similar, if not identical to, the constitutionality challenges to 35 U.S.C. § 292 being considered by the United States Court of Appeals for the Federal Circuit in *FLFMC, LLC v. Wham-O, Inc.*, No. 2011-1067.[1]

Second, Energizer has challenged the sufficiency of Meridian's complaint, which, under the binding precedent of *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 (Fed. Cir. Mar. 15, 2011), must satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirement. This court, in granting a stay of discovery pending a motion to dismiss, has acknowledged that allowing a *qui tam* plaintiff like Meridian to make vague claims of fraud, then engage in discovery in the hope of uncovering enough specifics to adequately plead a case would frustrate the purpose of this heightened pleading requirement. *United States* ex rel. *Liotone v. CDW-Government, Inc.*, No. 05-33, 2009 U.S. Dist. LEXIS 21555, at *3-4 (S.D. Ill. Mar. 18, 2009) (citing *Jepson, Inc. v. Makita Corporation*, 34 F.3d 1321, 1327 (7th Cir. 1994)).

Further, conducting discovery while Energizer's Motion to Dismiss is pending places unnecessary burdens upon Energizer that the rules of civil procedure are intended to prevent when the merits of a plaintiff's case are called into question. Therefore, the discovery process should not

---

[1] In the event the Court does not grant its Motion to Dismiss under Fed. R. Civ. P. 9(b) or on the basis that the accused articles are not actually "unpatented" as required by the statute, Energizer has requested the court to stay this case pending the Federal Circuit's decision in *Wham-O*.

begin until after the Court rules on the pending Motion to Dismiss. Indeed, if discovery is not stayed and Energizer is required to respond to document requests and/or other discovery requests, Energizer will have to endure the burden and expense of collecting, reviewing, and producing documents or providing other discovery for issues that a ruling on the Motion to Dismiss may eliminate entirely. Accordingly, good cause exists for granting this motion.

## IV.    CONCLUSION

Because Energizer has shown good cause for a stay of discovery, Energizer respectfully requests that the Court enter an Order staying all discovery pending rulings on Energizer's Motion to Dismiss. Energizer further respectfully requests that, in the event the Court denies its Motion to Dismiss, Energizer be permitted, at a minimum, no less than 10 days after the denial to respond and/or object to any discovery requests.

DATED:   April 28, 2011

                                                    s/   Trevor K. Copeland
                                                    Kurt E. Reitz, #6188793 (IL) (Lead Counsel)
                                                    Matthew A. Braunel, #6276394 (IL)
                                                    Heath H. Hooks, #6216255 (IL)
:                                                   THOMPSON COBURN LLP
                                                    525 West Main Street
                                                    P.O. Box 750
                                                    Belleville, Illinois  62222-0750
                                                    (618) 277-4700 (telephone)
                                                    (618) 236-3434 (facsimile)

                                                    Gary M. Ropski (*admission pending*)
                                                    Charles M. McMahon #6270255 (IL)
                                                    Trevor K. Copeland #6281211 (IL)
                                                    Laura A. Lydigsen #6286759 (IL)
                                                    BRINKS HOFER GILSON & LIONE
                                                    NBC Tower, Suite 3600
                                                    455 North Cityfront Plaza Drive
                                                    Chicago, IL 60611-5599
                                                    (312) 321-4200 (telephone)
                                                    (312) 321-4299 (facsimile)

                                                    *Attorneys for Energizer*
                                                    ENERGIZER HOLDINGS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2011, I electronically filed the foregoing document using the

CM/ECF, which will send notification of such filing to the following:

David S. Corwin
Vicki L. Little
Sher Corwin, LLC
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
(314) 721-5200
(314) 721-5201 (fax)
dcorwin@shercorwin.com


s/   Trevor K. Copeland
Trevor K. Copeland