IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MERIDIAN ELECTRIC COMPANY, INC.**

    **Plaintiff,**

v.

**ENERGIZER HOLDINGS, INC.,**

    **Defendant.**                                  Case No. 11-cv-35-DRH

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

        Before the Court are three pending motions: 1) defendant's motion to dismiss (Doc. 7), 2) defendant's motion to stay discovery (Doc. 28), and 3) defendant's motion to transfer this case (Doc. 29). For the reasons that follow, the Court grants in part and denies in part defendant's motion to dismiss (Doc. 7), allowing plaintiff leave to amend to plead sufficient facts, grants defendant's motion to stay discovery until the Court determines whether plaintiff has plead a sufficient complaint to satisfy Federal Rule of Civil Procedure 9(b) (Doc. 28), and similarly defers ruling on defendant's motion to transfer until that decision is made (Doc. 29).

**I. Background**

        On January 12, 2011, plaintiff filed its complaint (Doc. 2) as a *qui tam* action for false patent marking under 35 U.S.C. § 292, alleging generally that defendant makes and sells batteries that are falsely marked with expired patents. On

February 22, 2011, defendant filed a motion to dismiss (Doc. 7), contending that 35 U.S.C. § 292, "unconstitutionally delegates authority to control a false marking suit to *qui tam* plaintiffs without providing the Constitution-mandated Executive Branch control and/or supervision."  In the alternative, defendant argues that even if the Court elects not to address the unconstitutionality of § 292, it should dismiss plaintiff's complaint because the products listed in the complaint are not "unpatented" as required by the statute and because the complaint fails to meet Rule 9(b)'s pleading requirements.  It is because of this latter argument that the Court must dismiss this complaint.  Ergo, the Court makes no ruling as to the merits of defendant's other arguments.

In plaintiff's complaint, plaintiff alleges, in relevant part, that defendant has violated 35 U.S.C. § 292(a) by falsely marking unpatented articles with the word "patent," together with numbers suggesting that the articles are patented, for the purpose of deceiving its competitors and the public into believing that such articles are covered by falsely marked patents.  Specifically, plaintiff refers to four patents, patent number 4,931,368, 4,963,445, 4,963,446, and 5,015,542 (the expired patents), all of which plaintiff alleges have expired.  Plaintiff claims that defendant "is a sophisticated business entity and is the holder of a large number of patents, that "[o]n information and belief, [d]efendant monitors its own patents and those of other companies through both in-house and outside counsel," and that "[o]n information and belief, [d]efendant has made many decisions to mark its [b]atteries with the [e]xpired [p]atents after the expiration of those patents, including each time it has

printed or otherwise created the above-described packaging." Plaintiff further alleges that "[d]efendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to the marked product, that "[d]efendant did not have, and could not have had, a reasonable belief that is products were properly marked, and that "[o]n information and belief, [d]efendant has marked and continues to mark its [b]atteries with the [e]xpired [p]atents for the purpose of deceiving the public into believing that [d]efendant's products are covered by the [e]xpired [p]atents."

In defendant's motion to dismiss, defendant contends that the Court should dismiss plaintiff's complaint pursuant to Federal Rule of Civile Procedure 12(b)(6) for failure to sufficiently plead the requisite "intent to deceive" with particularity under Rule 9(b). Since the filing of defendant's motion, defendant has supported its position with the filing of supplemental authority (Doc. 17), particularly the Federal Circuit's decision *In re BP Lubricants USA Inc.*, 637 F.3d 1307 (Fed. Cir. 2011), in which the Federal Circuit held that Rule 9(b)'s particularity requirements apply to false marking claims. *Id.* at 1309.

## II. Analysis

In *In re BP Lubricants USA Inc.*, the Federal Circuit took the extraordinary measure of issuing a writ of mandamus directing the court to dismiss the complaint with leave to amend because it was the first time the Federal Circuit had decided whether Rule 9(b) applied to false marking cases and

the requisite level of pleading required in those cases. *Id.* at 1313. In that case, the complaint alleged that defendant's patent expired on February 12, 2005, and defendant continued to mark its product with the patent numbers after the patent expired. The complaint asserted that "upon information and belief" defendant "knew or should have known" that the patent expired, that defendant was a sophisticated company who had experience applying for, obtaining, and litigating patents, and that defendant marked its products with the patent numbers for the purpose of deceiving the public and its competitors into believing that something contained or embodied in the products is covered or protected by the expired patent.

Before addressing the merits of whether the complaint was sufficiently plead, the Federal Circuit began by holding that Rule 9(b)'s particularity requirements, i.e., to plead "with particularity the circumstances constituting fraud or mistake," apply to false marking claims under § 292. The Court reasoned that "[t]he Rule acts as a safety value to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery." *Id.* at 1310. "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *Id.* at 1311.

Accordingly, the Federal Circuit looked to its decision in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), for its holding that

"although 'knowledge' and 'intent' may be averred generally and that a plaintiff may plead upon information and belief under Rule 9(b), 'our precedent . . . requires that the pleadings allege sufficient facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Id.* at 1311 (quoting *Exergen*, 575 F.3d at 1327).  "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* at 1311; see *Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) ("Intent to deceive, while subjective in nature, is established by objective criteria.  Thus, 'objective standards' control and 'the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.'") (citations omitted).

        With those principles in mind, the Federal Court rejected each of plaintiff's arguments.  First, the court found that plaintiff's bare assertion that defendant is a "sophisticated company and has experience applying for, obtaining, and litigating patents" provided "no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired." *Id.* at 1312.  Second, the court rejected plaintiff's contention that a false marking claim inherently shows scienter, requiring more than a mere statement that something is false. *Id.*  Third, the court found, despite plaintiff's argument to the contrary, that *Exergen's* pleading requirements were applicable, they just "must be applied in a fashion that relates to false marking claims." *Id.*

For example, intent to deceive could reasonably be inferred by alleging "that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration." *Id.* Finally, the court clarified that its holding in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010), that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent," was simply a factor in determining whether Rule 9(b) was satisfied. *Id.* at 1312-13. "'[T]he bar for proving deceptive intent [in false marking cases] is particularly high,' requiring that the relator show 'a purpose of deceit, rather than simply knowledge that a statement is false.'" *Id.* at 1313 (quoting *Pequignot*, 608 F.3d at 1363). Thus, the court directed the district court to dismiss the complaint with leave to amend. *In re BP Lubricants USA Inc.*, 637 F.3d at 1313.

From *In re BP Lubricants USA Inc.*, the Court concludes that a plaintiff must allege sufficient facts from which the Court can reasonably infer the intent to deceive, that is, a plaintiff must show a purpose of deceit rather than simply knowledge that a statement is false. *Id.* at 1311-13. "[A] complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* at 1311. Alleging that defendant should have known the patent expired, that defendant is a sophisticated company with experience in patents, and that defendant made a false statement that it knew was false is not enough. *Id.* at 1312-13. Plaintiff has failed to satisfy Rule 9(b)

here.

Here, plaintiff alleges that "Defendant has made many decisions to mark its Batteries with Expired Patents after the expiration of those patents," but merely making decisions does not necessarily mean that defendant made those decisions with the intent or purpose to deceive.  Further, the fact that defendant is "a sophisticated business entity" and has experience in patents was expressly rejected in *In re BP Lubricants USA Inc.*  Moreover, alleging that "[d]efendant did not have, and could not have had, a reasonable belief that its products were properly marked" and that "[d]efendant has marked and continues to mark its [b]atteries with [e]xpired [p]atents for the purpose of deceiving the public" are not sufficient facts from which the Court can infer that defendant's purpose was to deceive, but rather are conclusory allegations.  There is no objective criteria from which the Court can infer the requisite intent, i.e., the purpose of deceit, from these conclusory allegations.

As a result, the Court grants in part defendant's motion to dismiss (Doc. 7) without prejudice with regard to defendant's argument that plaintiff has not met the requirements of Rule 9(b).  Plaintiff shall have twenty-one days to file an amended complaint that comports with the pleading requirements contained in *In re BP Lubricants USA Inc.*  Defendant shall have fourteen days from the date the amended complaint is filed to file a responsive pleading.  Defendant's motion to dismiss (Doc. 7) with regard to its constitutional argument is denied without prejudice since the Court is granting leave to amend.  Defendant's motion to stay

discovery (Doc. 28) is granted until the Court determines whether plaintiff's amended complaint has met the requirements of Rule 9(b).  The Court defers ruling on the motion to transfer (Doc. 29) until that time.

**IT IS SO ORDERED.**

Signed this 12th day of July, 2011.

David R. Herndon
2011.07.12
09:02:03 -05'00'

**Chief Judge**
**United States District Court**